# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

WILLIE HEYWARD, JR.,     )
                       )
    Plaintiff,        )
                       )
v.                  )    Case No.  CV412-086
                       )
ATTORNEY BRIAN L. DALY,   )
OFFICER BRENT MINTON,    )
OFFICER ADINA NOLTE, OFFICER )
SAMUEL HUNT, OFFICER       )
MICHAEL DRAYTON, OFFICER   )
GLENN CASTRO, OFFICER     )
STEVEN KOHLES, DISTRICT    )
ATTORNEY'S OFFICE,        )
                       )
    Defendants.      )

## REPORT AND RECOMMENDATION

On March 29, 2012, the Clerk sent Willie Heyward, Jr., a *pro se* detainee who had filed a 42 U.S.C. § 1983 civil rights complaint, a filing fee deficiency notice.  (Doc. 2.)  It advised him to either submit the Court's $350 filing fee or complete and return an attached motion to proceed *in forma pauperis*.  (*Id.*)  The notice was returned as undeliverable on April 5, 2012 with a notation stating that plaintiff is no longer at that address.  (Doc. 4.)

Plaintiff has neglected to provide the Court with a current mailing address despite his continuing duty to keep the Court apprised of his current address. S.D. Ga. LR 11.1. Without a litigant's current mailing address, the Court cannot move the case forward or even communicate with plaintiff. This case amounts to no more than dead wood, and the Court has the inherent power to prune it from the docket. Accordingly, plaintiff's complaint should be **DISMISSED** without prejudice for his failure to prosecute this action. S.D. Ga. LR 41(b); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

**SO REPORTED AND RECOMMENDED** this 9ᵗʰ day of April, 2012.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

2